## AMERICAN AUTO. RIM LOCK CORPORATION v. CLEVELAND WELDING CO.
### No. 5119.

District Court, N. D. Ohio, E. D.
March 28, 1939.

558

Jones, Hocker, Gladney & Jones, of St. Louis, Mo., and Howard M. Crow, of Cleveland, Ohio, for plaintiff.

Oberlin, Limbach & Day, of Cleveland, Ohio, for defendant.

JONES, District Judge.

This is an action on contract praying for equitable relief, (1) an accounting of royalties under the contract, (2) an injunction against granting licenses without plaintiff's consent, and (3) a decree of specific performance as to accounts, records and royalties, and as to furnishing of a surety bond. It was referred to a Special Master, who has filed his report, to which exceptions have been taken by the plaintiff.

Upon careful consideration and review, the Court has reached a decision which, for the benefit of the parties, briefly will be set down. It is not essential that the pleadings, provisions of the contract, or summary of the evidence, be re-stated. The Master has filed a full report, and the questions have been adequately briefed, so that the following reactions will suffice for memorandum purposes:

It strikes me that the whole matter turns on the question of the character of the alleged license agreement sought to be enforced. Ordinarily, the execution of and operation under a patent license agreement carries strong implications of title and validity, so far as the licensee is concerned. The case is not one for infringement, but is one seeking equitable remedies, including specific performance. Principles of equity, therefor, are to be applied.

The agreement expressly recognized the absence of evidence of complete title, and the licensee's obligations were conditioned upon affirmative action by the licensor (plaintiff) in that respect. Absence of clear title and failure to fulfill conditions imposed upon the licensor result, as I see it, in defeat for the plaintiff. In addition to other equitable principles, it is fundamental that a party who has not substantially performed his part of the agreement is in no position to urge relief based upon the other party's breach. . This is not to say that the defendant may hold the plaintiff for the life of the agreement. It could have cancelled the agreement any time after its execution, and whenever it concluded that the defendant had breached. The rule that it is not open to a licensee to question title and validity of the licensed patent does not seem to me to have clear application in respect of an agreement which contains an express obligation upon the part of the licensor to give evidential assurance of title and validity. The agreement is not a true license agreement and does not carry with it the implications that preclude the licensee from insisting upon fulfillment of conditions by the licensor. This well may have been the controlling circumstance in electing to pursue the remedy here sought.

It is my considered judgment that the exceptions are not well taken, and that the findings and conclusions of the Master should be adopted and his report confirmed. Exceptions may be noted for the plaintiff.